1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**
9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  JOHN FREDERICK WHEELER,                )  Case No. 1:12-CV-00286-AWI-JLT
                                           )
12          Plaintiff,                     )  FINDINGS AND RECOMMENDATIONS TO
                                           )  DENY PLAINTIFF'S MOTION TO PROCEED
13      v.                                 )  IN FORMA PAUPERIS AND DISMISS THE
                                           )  COMPLAINT WITHOUT PREJUDICE
14                                         )
    CLINICA SIERRA VISTA, et al.,          )  (Docs. 1-2)
15                                         )
            Defendants.                    )
16  _____)

17          John Frederick Wheeler ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an

18  action for violations of his civil rights pursuant to 42 U.S.C. § 1983.  For the following reasons, the

19  Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint

20  **DISMISSED WITHOUT PREJUDICE**.

21  I.      **MOTION TO PROCEED IN FORMA PAUPERIS**

22          As a general rule, all parties instituting any civil action, suit or proceeding in a United States

23  District Court must pay a filing fee.   28 U.S.C. § 1914(a).  However, the Court may authorize the

24  commencement of an action "without prepayment of fees and costs of security therefor, by a person

25  who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."   28

26  U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only

27  if leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169

28  F.3d 1178, 1177 (9th Cir. 1999).

                                            1

1   The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of

2 privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to

3 due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*,

4 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a

5 motion to proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at

6 600-01.  In making a determination, the court "must be careful to avoid construing the statute so

7 narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially

8 meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850

9 (D.R.I. 1984).

10   Here, the Court recommends Plaintiff's application to proceed be denied because, as

11 discussed below, the complaint fails to state a meritorious claim upon which relief may be granted.[1]

12 *See* 28 U.S.C.§ 1915(e)(2).

13 **II. SCREENING REQUIREMENT**

14   When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

15 complaint and identify "cognizable claims."  *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a

16 complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon

17 which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from

18 such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts

19 alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

20 noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

21 ///

22

23   [1] Previously, Plaintiff has filed a number non-meritorious lawsuits in this district.  *See, e.g., Wheeler v. Payless Towing*, No. 1:09-cv-1829-LJO-SMS, 2010 U.S. Dist. LEXIS 1684 (E.D. Cal. Jan. 11, 2010) (dismissed for failure to state

24 a claim); *Wheeler v. Healthy Smiles*, No. 1:09-cv-1772-OWW-SKO, 2010 U.S. Dist. LEXIS 125232 (dismissed with prejudice for failure to state a claim upon which relief could be granted and failure to obey the court's order); *Wheeler v.*

25 *United States,* No. 1:11-cv-1045-LJO-JLT, 2011 U.S. Dist. LEXIS 85366 (E.D. Cal. Aug. 3, 2011) (dismissed with prejudice for lack of jurisdiction); *Wheeler v. Bakersfield City*, No. 1:11-cv-1832-LJO-JLT, 2011 U.S. Dist. LEXIS 141203 (E.D. Cal.

26 Dec. 8, 2011) (dismissed with prejudice as barred by the doctrine of res judicata); *Wheeler v. Bank of America*, No. 1:11-cv-1270-LJO-JLT, 2012 U.S. Dist. LEXIS 8522 (E.D. Cal. Jan. 25, 2012) (dismissed with prejudice for failure to state a claim).

27 Consequently, **Plaintiff has been warned– and is here warned again– that repeated filing of cases lacking merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing**

28 **restrictions be imposed**.  *See De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990).

1    ### III.    PLEADING STANDARDS

2            General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.

3    A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a

4    short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for

5    the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ.

6    P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less

7    stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

8            A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

9    succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The

10   purpose of the complaint is to give the defendant fair notice of the claims against him, and the

11   grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

12   The Supreme Court noted,

13           Rule 8 does not require detailed factual allegations, but it demands more than an
         unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
14       labels and conclusions or a formulaic recitation of the elements of a cause of action will
         not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
15       factual enhancement.

16   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

17   Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673

18   F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

19           [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
         to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the
20       plaintiff pleads factual content that allows the court to draw the reasonable inference that
         the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard
21       is not akin to a "probability requirement," but it asks for more than a sheer possibility
         that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are
22       "merely consistent with" a defendant's liability, it "stops short of the line between
         possibility and plausibility of 'entitlement to relief.
23

24   *Iqbal*, 129 S. Ct. at 1949.  When factual allegations are well-pled, a court should assume their truth

25   and determine whether the facts would make the plaintiff entitled to relief; conclusions in the

26   pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a

27   complaint to the extent that deficiencies of the complaint can be cured by an amendment.  *Lopez v.*

28   *Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on or about January 27, 2012, he went to Clinica Sierra Vista without an appointment for treatment, but was told there was only one doctor because another had called in sick, and Plaintiff could not be treated.  (Doc. 1 at 3).  According to Plaintiff, the same happened on or about February 14, 2012, when he again sought medical treatment at Clinica Sierra Vista.  *Id.* Each time, the staff suggested he go to an urgent care center for treatment.  *Id.* at 4.

On February 18, 2012, Plaintiff went to an appointment at Clinica Sierra Vista.  (Doc. 1 at 14).  Plaintiff alleges his appointment was set for 5:30 p.m., and when he arrived at about 4:35, there were "several or a few" Hispanic patients in the waiting room.  *Id.*  Plaintiff contends several Hispanics were called back to see a doctor before Plaintiff saw his physician, including a Hispanic boy and man who arrived at 5:20 and were called back at 6:00 p.m.  *Id.* at 14.  Plaintiff asserts he was called back to the doctor at about 6:25 p.m.  *Id.*

According to Plaintiff, "he is being discriminated against because of his race, and the denial of his right to see a doctor is a denial of his rights to access [] public facilities."  (Doc. 1 at 3). Plaintiff contends the majority of the staff at Clinica Sierra Vista is Hispanic, and each time Plaintiff goes there, "it seems like they take [Hispanics] back to see a doctor before they take him."  *Id.* Therefore, Plaintiff concludes "he was discriminated against because he is white and the defendants at Clinica Sierra Vista are Hispanic[] or Lateenos (sic)."  *Id.* at 13.  Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983 and discrimination in public accommodations under 42 U.S.C. §§ 2000a, *et seq*.  (Doc. 1 at 2, 15).  In addition, Plaintiff alleges medical malpractice by physicians at Clinica Sierra Vista.  *Id.* at 15.

## V.    DISCUSSION AND ANALYSIS

### A.    Federal Tort Claims Act

Previously, this Court has recognized Clinica Sierra Vista is a federally funded healthcare facility, and the Court has jurisdiction over any tort claims alleged pursuant to 28 U.S.C. § 1346(b). *See Acuna v. County of Kern*, 2010 U.S. Dist. LEXIS 59214, at *2 (E.D. Cal. June 15, 2010). Because Clinica Sierra Vista is a federally funded medical clinic, the proper defendant in the action is the United States.  *See id.*

4

The Federal Tort Claims Act ("FTCA") is the exclusive remedy against the United States for personal injuries "resulting from the performance of medical, surgical, dental, or related functions ... by any commissioned officer or employee of the Public Health Service ..." 42 U.S.C. § 233(a). Significantly, the FTCA's coverage extends to entities deemed Public Health Service employees, such as federally supported medical clinics. 42 U.S.C. § 233(a). Accordingly, Plaintiff is required to comply with the FTCA to state a claim for medical malpractice.

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deem denied, may a claimant file an action in federal court. *Id.* "The purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts.'" *Brady v. United States*, 2011 F.3d 499, 503 (9th Cir. 2000) (quoting *Jerves v. United States*, 966 F.2d 517, 520 (9th Cir. 1992)). Further, exhaustion of administrative remedies is jurisdictional, and cannot be waived. *Id.* at 502; *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly.").

Here, Plaintiff has failed to demonstrate compliance with the FTCA. Notably, this action was filed less than ten days after the events occurred, and it is unlikely Plaintiff pursued his administrative remedies prior to filing suit. Accordingly, this Court lacks jurisdiction to address Plaintiff's claims, and the matter should be dismissed.

**B.      Racial discrimination in violation of 42 U.S.C. § 1981**

Under Section 1981, all persons "shall have the same right . . . to make and enforce contracts." 42 U.S.C. § 1981. Therefore, to prevail on a Section 1981 claim, a plaintiff must show (1) intent to discriminate based on race and (2) this discrimination interfered with the making and enforcing of contracts. *See Imagineering, Inc v. Kiewit Pacific Co.*, , 976 F.2d 1301, 1313 (9th Cir. 1992) ("Proof of intent to discriminate is necessary to establish a violation of section 1981."). Here, Plaintiff has not met his burden to "at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against [him]." *See id.* In addition, Plaintiff

1   has not alleged facts such that an act of discrimination interfered with the making or enforcement of

2   a contract.  Consequently, the Court recommends Plaintiff's claim for racial discrimination under

3   Section 1981 be dismissed.

4         **C.**     **Racial discrimination under 42 U.S.C. § 1983**

5         Section 1983 is "a method for vindicating federal rights elsewhere conferred" and does not

6   provide substantive rights.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  In pertinent part, Section

7   1983 states:

8       Every person who, under color of any statute, ordinance, regulation, custom, or usage,
    of any State or Territory... subjects, or causes to be subjected, any citizen of the United

9       States or other person within the jurisdiction thereof to the deprivation of any rights,
    privileges, or immunities secured by the Constitution and laws, shall be liable to the party

10      injured in an action at law, suit in equity, or other proper proceeding for redress…

11  42 U.S.C. § 1983.  To plead a Section 1983 violation, a plaintiff must allege facts from which it may

12  be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

13  violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*,

14  529 F.2d 668, 670 (9th Cir. 1976).

15        Here, Plaintiff has not shown how Clinica Sierra Vista acted under the color of state law.

16  Significantly, as a general rule, private parties do not act under the color of state law.  *See Price v.*

17  *Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991).  Thus, a plaintiff pursuing a claim under Section 1983

18  must show that a defendant's actions are attributable to the government, which requires a showing of

19  significant state involvement in the action in question.  *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th

20  Cir. 2002).  Plaintiff has failed to meet this burden.

21        In addition, as with Section 1981 claims, to state a claim under 1983, "a plaintiff must show

22  that the defendants acted with intent to discriminate against the plaintiff based upon membership in a

23  protected class."  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citation omitted).

24  Plaintiff has not alleged facts such that the Court can determine Clinica Sierra Vista acted with an

25  intent to discriminate against Plaintiff based upon his race.  Further, Plaintiff has not demonstrated

26  he is a member of a protected class.  Therefore, the Court recommends Plaintiff's Section 1983

27  claim for racial discrimination be dismissed.

28  ///

**D.     Discrimination in public accommodations under 42 U.S.C. §§ 2000a, *et seq***

Title II of the Civil Rights Act of 1964 ("Title II"), set forth in 42 U.S.C. §§ 2000a, *et seq*, prohibits discrimination by state actors in places of public accommodation on the basis of race, color, religion, or national origin.  *See* 42 U.S.C. §§ 2000a-1, 2000a-2 (proscribing discrimination and segregation on the basis of "race, color, religion, or national origin" by state actors, and prohibiting deprivation of an individual's right not to be subjected to such discrimination).

Plaintiff has not shown the alleged discrimination was "carried on under color of any law, statute, ordinance, or regulation; or . . . under color of any custom or usage required or enforced by the officials of the State or political subdivision thereof."  *See* 42 U.S.C. §§ 2000a(d).  Further, as discussed above, Plaintiff presents no evidence that Clinica Sierra Vista discriminated against him on a prohibited basis, or that Plaintiff falls into a protected class.  Therefore, the Court recommends Plaintiff's claim for a violation of Title II be dismissed.

**E.     Federal Rule of Civil Procedure 18(a)**

In addition to the alleged discrimination by Clinica Sierra Vista, Plaintiff complains that he was mistreated by staff at Memorial Hospital, and suffered discrimination and the hospital because he is white.  (Doc. 1 at 5-12).

Under the Federal Rules of Civil Procedure, claims must be related, and be based on the same precipitating event, or a series of related events alleged against the same defendant.  *See* Fed.R.Civ.P. 18(a).  The Seventh Circuit explained, "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits. . ."  *George v. Smith*, 507 F.3d 605, 607 (7 th Cir. 2007).  Plaintiff's claim for discrimination by Clinica Sierra Vista is unrelated to his claim for discrimination against Memorial Hospital, and as such he is unable to proceed on this claim.  Nonetheless, once again, Plaintiff has not shown an intent to discriminate on the basis of his race by the staff at Memorial Hospital.

**VI.     FINDINGS AND RECOMMENDATIONS**

Plaintiff has failed to demonstrate compliance with the Federal Tort Claims Act such that the Court may have jurisdiction over his claims of medical malpractice by Clinica Sierra Vista.  Further,

1    Plaintiff fails to demonstrate the defendants acted with a specific discriminatory intent, as required

2    by 42 U.S.C. §§ 1981, 1983, and 2000a.  Rather, Plaintiff provides only the conclusion he was

3    referred to urgent care facilities and had to wait to see a doctor because he is white, and the staff at

4    Clinica Sierra Vista are not.  Moreover, Plaintiff fails to demonstrate causal relationship between the

5    defendant's conduct and the injury allegedly suffered.  *See Johnson*, 588 F.2d at 743.

6          Based upon the facts set forth in the Complaint, it does not appear the deficiencies can be

7    cured by amendment.  Because leave to amend would be futile, Plaintiff should not be given leave to

8    amend his complaint.  *See Lopez*, 203 F.3d at 1130.  (requiring leave to be granted to the extent

9    deficiencies can be cured by amendment).

10         Accordingly, **IT IS HEREBY RECOMMENDED**:

11         1.       Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and

12         2.       Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

13         These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

15   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

16   fourteen days after being served with these findings and recommendations, Plaintiff may file written

17   objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified

19   time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th

20   Cir. 1991).

21

22   IT IS SO ORDERED.

23   Dated:   **March 19, 2012**                                            **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28