IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>    Plaintiff,<br><br>    v.<br><br>CLINICA SIERRA VISTA, et al.,<br><br>    Defendants. | )  Case No. 1:12-CV-00286-AWI-JLT<br>)<br>)  ORDER DENYING PLAINTIFF'S MOTION<br>)  TO AMEND THE COMPLAINT<br>)<br>)  (Doc. 6)<br>)<br>)<br>)<br>) |

John Frederick Wheeler ("Plaintiff") seeks to proceed *in forma pauperis* ("IFP") and *pro se* with an action for violations of his civil rights, and commenced this action by filing his complaint and a motion to proceed IFP on February 27, 2012. (Docs. 1-2). March 19, 2012, the Court recommended Plaintiff's motion to proceed IFP be denied because his complaint failed to state a meritorious claim upon which relief may be granted. (Doc. 4).

On March 20, 2012, Plaintiff filed a motion to file an amended complaint. (Doc. 6). For the following reasons, Plaintiff's motion to amend is **DENIED**.

I.    **Legal Standards for Leave to Amend**

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## II.  Discussion and Analysis

Under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint:  (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

Here, Plaintiff seeks to amend the complaint to correct the name of the President of Memorial Hospital as a defendant.  (Doc. 6 at 1).  In addition, Plaintiff explains he was recently hospitalized at Memorial Hospital, and feels he continues to be mistreated by hospital staff.  *Id.*  However, as the Court explained in its Findings and Recommendations to dismiss the action, Plaintiff is unable to proceed in this action on claims against Memorial Hospital, because the claims are not related to those alleged against defendant Clinica Sierra Vista.  (Doc. 4 at 7).  Pursuant to the Federal Rules of Civil Procedure, claims in an action must be related, and be based on the same precipitating event, or a series of related events alleged against the same defendant.  *See* Fed.R.Civ.P. 18(a).  The Seventh Circuit explained, "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits. . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

A motion for leave to amend is futile if it can be defeated on a motion for summary judgment.  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).  Notably, the Court observed Plaintiff failed to demonstrate an intent to discriminate on the basis of race by the staff at Memorial Hospital.  (Doc. 4 at 7).  In addition, Plaintiff is unable to proceed on a claim against Memorial Hospital in the same action against Clinica Sierra Vista.  Therefore, the Court

finds amendment would be futile.  Significantly, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### III. Conclusion and Order

Amendments to the complaint regarding the identity of president of Memorial Hospital and the actions of the staff in the course of Plaintiff's treatment at the facility are inconsequential to the claims against Clinica Sierra Vista, and Plaintiff is unable to proceed on claims against Memorial Hospital in this action.  Therefore, the Court is acting within its discretion in denying the motion to amend.  *See Swanson*, 87 F.3d at 343.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for leave to file an amended complaint (Doc. 6) is **DENIED**.

IT IS SO ORDERED.

Dated:  **March 22, 2012**                                                      /s/ Jennifer L. Thurston
                                                                                                    UNITED STATES MAGISTRATE JUDGE